```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                  :
GRETA M. STIFEL,                  :
     Plaintiff                    :
                                  :
v.                                :    CASE NO. 3:16-cv-1637(RNC)
                                  :
RICH SCHREINER and                :
DONNA MANNING,                    :
     Defendants.                  :
```

**RULING AND ORDER**

Plaintiff Greta M. Stifel brings this action pursuant to 42 U.S.C. § 1983 against Berlin Police Department Officers Rich Schreiner and Donna Manning alleging gender-based discrimination in violation of the Equal Protection Clause.  The complaint arises out of a domestic violence incident in which the plaintiff was charged with disorderly conduct and assault in the third degree, while her husband was charged only with disorderly conduct, even though her injuries were more severe.  Defendants move for summary judgment on the grounds that (1) the plaintiff cannot establish an equal protection violation as a matter of law, and (2) they are entitled to qualified immunity.  Because the record fails to raise a triable issue of gender discrimination, the motion for summary judgment is granted.

I. Background

The undisputed facts, taken in the light most favorable to the plaintiff, show the following.  On January 9, 2016, Officers Manning and Schreiner investigated a domestic dispute between the

1

plaintiff and her estranged husband John Arnone at the plaintiff's home in Berlin. Plaintiff's sister Karen was also present when the officers arrived. Plaintiff stated that her husband had pushed her into the side of the sofa and she had fallen and been injured as a result. Arnone denied pushing her and said she had slipped and fallen. Neither officer found the plaintiff credible at the time.[1]

Arnone provided the defendants with a written statement that the plaintiff had spit in his face, slapped him, kicked him, punched him, and thrown a drink at him. Schreiner saw redness on Arnone's neck that appeared to be consistent with his account. The plaintiff volunteered that she had spit at Arnone and kicked a drink at him.

Manning requested an ambulance for the plaintiff. When the ambulance arrived, the plaintiff complained of pain on her right side, but she would not let ambulance personnel lift her shirt to examine that area. An x-ray at the hospital showed a broken rib and collapsed lung. Manning tried to interview the plaintiff at the hospital but she was undergoing treatment and would not sign a statement. She later accused Manning of harassing her at the hospital. Plaintiff's sister Karen provided a written statement. She stated that the plaintiff had called her during the

---

[1] In June 2017, Arnone admitted to having pushed the plaintiff. See ECF No. 44 at 24.

2

altercation, and that when she arrived at the house she found the plaintiff on the floor and in pain.

Later that night, the plaintiff received a misdemeanor summons for disorderly conduct, Conn. Gen. Stat. § 53a-182, and assault in the third degree, id. § 53a-61.  Arnone was arrested for disorderly conduct only.  Several days later, on January 15, the plaintiff submitted a written statement to the Police Department concerning the incident.  She stated that Arnone attacked her after she kicked his drink off a table, and that she spat at him only after he pushed her.  In early February, the plaintiff filed complaints with the Police Department against Manning and Schreiner, accusing them of making inaccurate statements and failing to objectively assess her and Arnone's credibility.  These complaints were investigated and determined to be unfounded.

II. Legal Standard

Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  To survive summary judgment, the non-moving party must point to evidence that would permit a jury to return a verdict in his or her favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  In determining whether the moving party is entitled to judgment as a matter of law, a court must

review all the evidence in the record in the light most favorable to the non-moving party.  Id. at 255.

III. Discussion

Plaintiff contends that defendants' decision to charge her with disorderly conduct and assault, while charging Arnone only with disorderly conduct, was motivated by her gender in violation of the Equal Protection Clause.  To prevail on this claim, "the plaintiff must prove that she suffered purposeful or intentional discrimination on the basis of gender."  Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 118 (2d Cir. 2004) (citing Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-65 (1977)).  "Any equal protection claim is grounded on a comparison between the treatment the state gives similarly situated individuals."  Okin v. Vill. of Cornwall-On-Hudson Police Dept., 577 F.3d 415, 439 (2d Cir. 2009).

The record evidence does not support a finding that the plaintiff and Arnone were similarly situated at the time the officers decided to charge her with assault but not Arnone.  The assault charge against the plaintiff was supported by Arnone's sworn statement that the plaintiff had assaulted him, by the plaintiff's admission that she had spit at him and kicked a drink at him, and by the mark on Arnone's neck.  An assault charge against the plaintiff, on the other hand, was not similarly supported.  Plaintiff did not provide a sworn statement

4

accusing Arnone of assault until several days later, Arnone denied assaulting the plaintiff, there were no admissions by Arnone nor any visible signs of injury to the plaintiff to support her unsworn accusation, she refused to let the medics lift her shirt to examine her right side, and the officers did not find her credible. Plaintiff's sister was supportive of the plaintiff but she was not present at the time of the underlying events and thus could not provide corroboration for the plaintiff's claim that Arnone had pushed her. See ECF No. 35-13. Arnone's sworn and partly corroborated statement that the plaintiff had assaulted him sufficiently distinguished his situation from that of the plaintiff's for purposes of the officers' charging decision that night.

Plaintiff claims that the officers credited Arnone's account of the incident, and not hers, because he is a man and she is a woman. To sustain this claim, "[a]t the very least [she] has to show that it was her gender, and not some other characteristic, that motivated the treatment she received." Okin, 577 F.3d at 439. She has not presented evidence of gender bias that would permit a jury to find in her favor.[2] As support for her claim,

---

[2] The plaintiff has accused the Berlin Police Department of harboring personal bias against her because she has reported its officers for speeding, and been arrested for trespassing while trying to rescue animals in her neighborhood. ECF No. 35-3 at 13-17. When deposed, she stated her belief that the defendants treated her differently than her husband "because I am Greta Stifel as a female," and explained, "I don't know if it's based on the fact that I'm a female or the fact that I'm a female as

5

plaintiff points to the arrest report's description of her as "hysterical," which she regards as gender-based stereotyping. See ECF No. 42 at 4. While stereotyped remarks can constitute evidence of intentional discrimination, see Back, 365 F.3d at 119-120, the plaintiff acknowledges that at the time in question she was "in hysterics." See ECF No. 35-18 at 4-5. In this context, the arrest report's use of the word "hysterical" is insufficient to support a reasonable inference that the plaintiff's arrest was motivated by her gender. See Back, 365 F.3d at 120 (The question of what constitutes gender-based stereotyping "must be answered in the particular context in which it arises.").

IV. Conclusion

    Accordingly, the motion for summary judgment is granted. The clerk may enter judgment and close the file.

    So ordered this 28th day of December 2018.

                                      /s/ RNC
                               Robert N. Chatigny
                           United States District Judge

---

Greta Stifel." Id. at 38-39. In the instant action, however, she alleges only discrimination on the basis of her gender.